IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SHAILESH DAVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 320-041 |
| | ) |
| STACEY STONE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in McRae Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. Because Petitioner did not, despite receiving additional time, (doc. no. 9), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.    BACKGROUND**

On April 22, 2014, while on parole for a state cocaine trafficking conviction from Berrien County, Georgia, Docket #07CR295, Petitioner was arrested on state charges for forgery and theft by receiving stolen property. (Doc. no. 8-1, Ex. 1, Giddings Aff. ¶ 4 & Attachs. 2, 6.) The Georgia State Board of Pardons and Paroles revoked Petitioner's parole

on June 24, 2014.  (Giddings Aff. ¶ 4 & Attachs. 2, 6.)  On June 15, 2016, while serving his state sentence for the parole violation, Petitioner was charged in a multi-count count indictment in the United States District Court for the Middle District of Georgia, United States v. Shailesh, No. 7:16-cr-18-HL-TQL (M.D. Ga. 2016), on charges of conspiracy to possess stolen U.S. Treasury checks and embezzle public monies, embezzlement of government property, and aggravated identity theft.  (Giddings Aff. ¶ 5 & Attach. 3.)  Based on the arrest warrant issued pursuant to the indictment, the United States Marshal temporarily removed Petitioner from state custody on August 11, 2016, pursuant to a federal writ of habeas corpus *ad prosequendum.*  (Giddings Aff. ¶¶ 5, 6 & Attachs. 4, 5.)

Petitioner completed his Georgia parole violation sentence on April 25, 2017, and the United States Marshal Service took primary jurisdiction of Petitioner.  (Giddings Aff. ¶ 7 & Attachs. 5, 6.)  On June 19, 2017, United States District Judge Hugh Lawson sentenced Petitioner to a total term of sixty-one months in prison based on Petitioner's guilty plea to one count each of conspiracy to possess stolen U.S. Treasury checks and embezzle public monies and aggravated identity theft.  (Giddings Aff. ¶ 8 & Attachs. 1, 7.)  The judgment states the federal sentence is to run consecutively to the State of Georgia sentence imposed in case #07CR295 in Berrien County.  (Giddings Aff., Attach. 7, p. 2.)

Because Petitioner satisfied his state obligation on case #07CR295 in Berrien County as of April 25, 2017, the Bureau of Prisons (BOP) commenced Petitioner's sixty-one month federal sentence imposed by Judge Lawson on June 19, 2017, but applied jail credit to the federal sentence from the day after Petitioner's state sentence ended, April 26, 2017, through the day prior to imposition of the federal sentence, June 18, 2017.  (Giddings Aff. ¶¶ 9, 10 &

Attachs. 1, 8.)  Petitioner's projected release date after credit for good conduct time is September 20, 2021. (Giddings Aff. ¶ 3 & Attachs. 1, 8.)

Through the administrative grievance procedure, Petitioner demanded credit on his federal sentence for all time spent in custody from August 11, 2016, to June 19, 2017, including the time in state custody on the parole revocation for case #07CR295 in Berrien County. (Doc. no. 1, pp. 2-3; doc. no. 1-1.) BOP denied it had jurisdiction over Petitioner's request for administrative relief, and Petitioner filed the instant petition again requesting credit for the same disputed time period. (See generally doc. nos. 1, 1-1.) Respondent moves to dismiss the petition, arguing Petitioner's projected release date is correct because he is not entitled to credit on his federal sentence for time already credited to his state sentence. (See generally doc. no. 8.)

## II.   DISCUSSION

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying

3

the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Oct. 15, 2020); doc. no. 8-2, p. 45. The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks federal credit for time previously credited to his state sentence for a state parole revocation. (Doc. no. 1, pp. 2-3, 6-9.) However, under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence. See Wilson,

503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence).  As explained below, Petitioner's federal sentence commenced the day he was sentenced in federal court by Judge Lawson, and he has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

### A.  Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences."  According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served."  Importantly, "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence.  Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)[1]).  Here, Petitioner completed his Georgia parole revocation sentence on April 25, 2017, when the United States Marshal took primary custody of Petitioner, and Judge Lawson sentenced Petitioner on June 19, 2017.  (Giddings Aff. ¶¶ 7, 8 & Attachs. 5, 6, 7.)  Because Petitioner was not serving any other sentence at the time Judge Lawson imposed the federal sentence, Petitioner's federal sentence began to run the day it was imposed, June 19, 2017.

---

[1] The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

### B. Prior Custody Credit for Time Served Prior to Commencement of Federal Sentence

Having determined Petitioner's federal sentence commenced on June 19, 2017, the Court turns to the question of prior custody credit. Petitioner asks the Court to award him prior custody credit from August 11, 2016, the day on which the United States Marshal temporarily removed Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*, until the date of his federal sentencing on June 19, 2017. However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is only eligible for, and has already received, prior custody credit for the time between when his state sentence ended on April 25, 2017, and his federal sentence began on June 19, 2017.

As explained above, a writ of habeas corpus *ad prosequendum,* does not interrupt the state's custody. See Butler, 451 F. App'x at 812. Rather, the writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693; see also Powell v. Jordan, 159 F. App'x 97, 99 (11th Cir. 2005) (*per curiam*) ("[I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.") (citation omitted)). Accordingly, although the United States Marshal temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges on August 11, 2016, the state's custody was never interrupted. See Butler, 451 F. App'x at 812.

Because the time from August 11, 2016, through April 25, 2017, was credited against Petitioner's state sentence, he is not entitled to double credit for that time on his federal sentence. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Petitioner has received fifty-four days of credit, from April 26, 2017, through June 18, 2017, on his federal sentence for the time he was detained prior to the date his federal sentence commenced on June 19, 2017. (Giddings Aff. ¶¶ 9, 10 & Attachs. 1, 8.) Therefore, he is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 15th day of October, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA